[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11660
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00240-HLM


VICTOR LAMAR CLEMENT,

Plaintiff - Appellant,

versus

BRYAN MCCARLEY,
Jointly and Severally, Individual and Official
Capacities, et al.,

Defendants,

CARL LIVELY, Jointly and Severally, Individually
and Official Capacities,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 5, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Victor Lamar Clement, a state prisoner proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Floyd County Police Department Officer Carl Lively. He argues that the district court improperly deemed Officer Lively's facts admitted and that genuine issues of fact existed on his 42 U.S.C. § 1983 claims for false arrest and excessive force. He also appeals the magistrate judge's denial of his motion for subpoenas. Upon review of the record and the parties' briefs, we affirm.

## I

Mr. Clement alleged in his § 1983 complaint that Officer Bryan McCarley, who had been previously harassing him, contacted Officer Lively on November 3, 2011, and issued a be-on-the-look-out (BOLO) for a male driving a black Mustang. Mr. Clement later passed Officer Lively's car along the highway and, when he approached an intersection, stopped to allow a tractor-trailer to turn. He then saw a patrol car with its lights activated, so he drove through the intersection and pulled over to the side of the road. Mr. Clement claimed that the patrol car rammed into the passenger side of his car, and when he backed up to get out of the way, he lost control of his car and spun around. Mr. Clement further alleged that Officer Lively falsely stated in a warrant, a police report, an affidavit, and at a bond hearing, that

2

Mr. Clement had rammed into the police car head-on, so his arrest was false and illegal.

On October 4, 2013, Mr. Clement filed this action asserting a number of claims against the Floyd County Police Department and several of its officers, including Officers McCarley and Lively, in their individual and official capacities. The district court adopted the magistrate judge's report and recommendation and dismissed all of Mr. Clement's claims except his false arrest and excessive use of force claims against Officer Lively in his individual capacity. The magistrate judge subsequently permitted Mr. Clement to amend his complaint, but indicated that his action would proceed only against Officer Lively in his individual capacity on the excessive force and false arrest claims, as well as a state tort claim for physical injury.

In April of 2015, the magistrate judge granted Mr. Clement's motion to extend the discovery period until June 17, 2015. On June 11, 2015, Mr. Clement moved for the court to issue ten subpoenas *duces tecum* on various non-parties. The magistrate judge denied his motion, noting that Mr. Clement did not file this request until nearly six months after discovery began and only six days before it was scheduled to end. Nor did Mr. Clement request another extension of the discovery period or explain how he could have completed discovery associated with the requested subpoenas within the existing period.

3

Officer Lively moved for summary judgment and attached several documents to his motion, including his affidavit. In the affidavit, Officer Lively stated that he received a BOLO for a black Mustang, and that he saw Mr. Clement drive past him in a black Mustang. He decided to pursue Mr. Clement, accelerating to a speed of 100 miles per hour. Mr. Clement turned left at a red light in front of a semi-trailer and was facing in the wrong direction on the road. When Officer Lively attempted to turn onto the road, Mr. Clement hit the front end of the patrol car on the driver's side of his car, then backed up. Officer Lively positioned the patrol car to prevent Mr. Clement from leaving, and when Mr. Clement continued moving, he struck the passenger side of the Mustang. Mr. Clement drove away at a speed of 101 miles per hour, and due to the driving conditions and the way Mr. Clement was driving, Officer Lively discontinued his pursuit. Mr. Clement was later arrested and pled guilty to aggravated assault by striking the patrol car with his vehicle, obstruction of an officer, and attempting to elude a police officer by fleeing in traffic conditions that placed the public at risk of serious injury while speeding.

The magistrate judge's report recommended that Officer Lively's motion be granted. The magistrate judge noted that Mr. Clement's various statements of facts did not comply with Local Rule 56.1B, concluded that Officer Lively's facts were supported by the record, and deemed those facts admitted. The district court

4

adopted the report and recommendation, overruled Mr. Clement's objections, and granted summary judgment in favor of Officer Lively. The district court incorporated the facts as stated in the final report and recommendation, and determined that Mr. Clement's excessive force and false arrest claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that, alternatively, Officer Lively was entitled to qualified immunity. This appeal followed.

## II

Mr. Clement argues that the magistrate judge abused his discretion in denying his motion for subpoenas *duces tecum* filed at the end of the discovery period. We review a district court's discovery decisions for an abuse of discretion, *see Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999), recognizing that the district court is allowed "a range of choice" in ruling on discovery issues. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). We will not reverse a district court's decision unless it reflects a clear error of judgment. *See id.*

Mr. Clement did not object to the magistrate judge's nondispositive order, so he waived his right to challenge it on appeal. *See Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) ("We have concluded that, where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders in this Court."). *See also*

Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in [a nondispositive] order not timely objected to.").

Even if we were to address the merits of his argument, Mr. Clement did not show good cause for failing to request the subpoenas until six days before the end of the extended discovery period. It was therefore within the magistrate judge's reasonable range of choices to deny Mr. Clement's motion for subpoenas.

## III

Mr. Clement also argues that the district court abused its discretion in deeming Officer Lively's facts admitted in ruling on the summary judgment motion, particularly in light of his status as a *pro se* litigant. We review a district court's application of its local rules for an abuse of discretion, finding such abuse only when the party demonstrates that the district court made a clear error of judgment. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009). "*Pro se* pleadings are held to a less stringent standard than pleadings by attorneys and will, therefore, be liberally construed." *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Local Rule 56.1B of the Northern District of Georgia requires a non-moving party's response to a summary judgment motion to "contain individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts." N.D. Ga. Civ. R. 56.1B(2)(a)(1). It provides that a court "will deem each of the movant's fact as admitted unless the respondent: (i) directly refutes the movant's facts with concise responses supported by specific citations to evidence . . . ; (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that [it] is not material or otherwise has failed to comply with LR 56.1[.]" *Id.* 56.1B(2)(a)(2).

Officer Lively's statement of undisputed material facts complied with Local Rule 56.1B, and the magistrate judge determined that the record supported his statement of facts. In contrast, Mr. Clement's statements of facts did not comply with Local Rule 56.1B because, although he individually numbered his statements, those statements did not correspond to those in Officer Lively's statement of facts, had almost no citations to record evidence, were not framed as responses to Officer Lively's statement of facts, and simply repeated his version of events in a conclusory and argumentative manner. Local Rule 56.1B is an ordinary procedural rule, and Mr. Clement was required to comply with it. Given Mr. Clement's failure to comply, the district did not make a clear error of judgment

7

in adopting the magistrate judge's decision to deem Officer Lively's properly supported statement of facts admitted.

IV

Mr. Clement asserts that the district court improperly granted summary judgment in favor of Officer Lively because his claims were not barred under *Heck* and Officer Lively was not entitled to qualified immunity.

We review the grant of summary judgment *de novo*, applying the same legal standard used by the district court and drawing all factual inferences in the light most favorable to the nonmoving party. *See Johnson v. Bd. of Regents*, 263 F.3d 1234, 1242–43 (11th Cir. 2001). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to overcome a motion for summary judgment, the nonmoving party must present more than a mere scintilla of evidence supporting his position, and must make a sufficient showing that a jury could reasonably find in his favor. *See Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006).

Under *Heck*, if a judgment in favor of a plaintiff on a § 1983 claim "would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint

8

must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The district court properly determined that Mr. Clement's false arrest claim was barred by *Heck*. His claim would clearly imply the invalidity of his convictions because it is based on the assertion that there was no probable cause to believe he had committed the offense for which he was convicted.

Mr. Clement's excessive force claim, however, is not barred by *Heck*. Taking Officer Lively's version of the events as true under Local Rule 56.1B, Officer Lively did not hit Mr. Clement's car until after Mr. Clement hit the patrol car. Based on these facts, success on the excessive force claim would not necessarily imply the validity of Mr. Clement's convictions. *See Dyer v. Lee*, 488 F.3d 876, 882–83 (11th Cir. 2007) (holding that a § 1983 claim for excessive force was not barred by *Heck* when the alleged force did not occur until after the plaintiff kicked one of the officers, the action that had formed the basis of her conviction for battery on a law enforcement officer).

Although Mr. Clement's excessive force claim is not barred by *Heck*, the district court properly found that Officer Lively was entitled to qualified immunity on that claim. "Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right."

9

*Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008). We analyze claims of excessive force under the Fourth Amendment's objective reasonableness standard. *See Edwards v. Shanley*, 666 F.3d 1289, 1295 (11th Cir. 2012). *See also Sharp v. Fisher*, 532 F.3d 1180, 1183 (11th Cir. 2008) (recognizing that terminating a car chase by striking a fleeing vehicle constitutes a seizure). We ask "whether the officer's conduct is objectively reasonable in light of the facts confronting the officer" and judge the reasonableness of the use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Edwards*, 666 F.3d at 1295 (internal quotation marks omitted). In determining whether the use of force was reasonable, we consider "(1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (internal quotation marks and citation omitted).

We have held that a police officer's use of force by striking a suspect's car with a patrol car was objectively reasonable where the officer knew the suspect was fleeing from law enforcement officials at a high rate of speed; the suspect failed to respond to blue lights and sirens and gave no indication of stopping the pursuit or slowing down; the officers had been chasing the respondent for an

10

extended period of time; there were several civilian vehicles on the road during the pursuit; and the suspect drove erratically. *See Sharp*, 532 F.3d at 1184.

Here, Officer Lively acted within his discretionary authority as a police officer in pursuing Mr. Clement and hitting his car with the patrol car because Mr. Clement was suspected of criminal activity and posed a threat to the public. Indeed, Mr. Clement pled guilty to aggravated assault for striking the patrol car with his vehicle, obstruction of an officer, and attempting to elude an officer. Mr. Clement failed to show that Officer Lively was not entitled to qualified immunity because he has not demonstrated that Officer Lively's actions were clearly unreasonable. Based on Officer Lively's version of the events, Mr. Clement was attempting to flee and had been driving at a high rate of speed, was driving erratically on a public road, and had already hit Officer Lively's patrol car and continued to flee. Accordingly, Officer Lively is entitled to qualified immunity as to Mr. Clement's excessive force claim.

## V

For the reasons stated above, the district court's order is affirmed.

**AFFIRMED**.

11